### In re MARKEL.

(District Court, N. D. California, First Division. September, 1915.)

BANKRUPTCY ⬤⟳288—COLLECTION OF ASSETS—SUMMARY PROCEEDINGS.

The wife of a bankrupt claimed to own a motor truck, asserting that it was purchased by the bankrupt with money furnished by her before her marriage, and that instead of taking title in her name, as was agreed, the bankrupt took title in his own name. It appeared without contradiction that the truck was kept in a garage in the wife's name, and it also appeared that the wife did furnish the husband with a considerable sum of money for some purpose. *Held*, that the wife was entitled to retain possession until it was determined in a plenary action that she was not entitled thereto, and her claim, not being merely colorable, could not be determined in a summary proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⬤⟳288.]

In Bankruptcy. In the matter of George Markel, bankrupt. On review of an order of the referee. Order reversed.

Clarence A. Shuey, of San Francisco, Cal., for trustee.
Frank W. Sawyer, of San Francisco, Cal., for bankrupt.

DOOLING, District Judge. This is a proceeding to review an order of the referee holding a certain motor truck to be the property of the bankrupt, George Markel, and to be properly in the possession of the trustee. Mildred Markel, wife of the bankrupt, claims to be the owner of the truck, and asserts that it was purchased by the bankrupt with money furnished by her before their marriage, and that, instead of taking the title in her name, as was agreed, the bankrupt took the title in his own name. It is certain that on September 25, 1914, the bankrupt did make, and there was recorded, a disclaimer of the ownership of said truck in favor of his wife, and a transfer to her of all his right, title, claim, or interest therein. It is also certain that the wife

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

did furnish the husband with a considerable sum of money, whether for the purpose claimed, or not, I do not now undertake to determine. But both husband and wife testified that the truck was in a garage in the wife's name. I have searched the record for any testimony contradicting this, and find none. This being so, I do not think her possession can be disturbed in this summary proceeding. Her claim as presented, accompanied by the possession of the truck, is not merely colorable, but may be very substantial. For this reason alone, and without in any way passing upon the merits of her claim, other than to determine that it is not under all the evidence merely colorable, particularly in view of the uncontradicted testimony that the truck is in the garage in her name, I am of the belief that she is entitled to retain such possession until it is determined in a plenary action that she is not entitled thereto.

The order of the referee is therefore reversed.